UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DORRIS L.Y. DOOLEY, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-02277-TWP-TAB |
| WARDEN, INDIANA WOMEN'S PRISON,[1] | ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Dorris L.Y. Dooley for a writ of habeas corpus challenges Indiana prison disciplinary proceeding number IWP 17-03-0108. For the reasons explained in this Entry, Ms. Dooley's habeas petition is **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v.*

---

[1] Effective July 1 2017, the official in charge of an Indiana penal facility or correctional institution holds the title "Warden" and is no longer titled a "Superintendent." Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to Fed. R. Civ. P. 25(d). The **clerk is directed** to update the docket to reflect this substitution.

*McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On March 1, 2017, at the Indiana Women's Prison, Correctional Officer Hope Dekruyf observed Ms. Dooley acting in a disorderly manner and wrote the following conduct report charging her with disorderly conduct, a violation of the Indiana Department of Correction Adult Disciplinary Code Section B-236. The Conduct Report provides:

> On the above date and time I, correctional officer Hope Dekruyf while conducting a basic hygiene line heard offender Dorris Dooley #259567 upset and screaming from her door. Offender was upset because I didn't take her dinner sack right away to her room. Offender was throwing things in her room and was banging on the door. She was also very disorderly by screaming and yelling. Offender Dooley is being charged with a disorderly conduct.

Dkt. 8-1.

Ms. Dooley was notified of the charge on March 6, 2017, when she received the Screening Report. Dkt. 8-2. She plead not guilty to the charge, requested a lay advocate, asked to call a witness, and asked for certain evidence. *Id.* The witness, inmate Marge Bryant, provided a written statement:

> Offender Dooley had asked officer for her dinner sack, her sugar was low and she try to explain to the officer that she needed to eat. The officer denied her the sack. She then asked to go to suicide watch.

Dkt. 8-3.

A hearing was held on March 9, 2017. Ms. Dooley provided this statement to the hearing officer:

> Officer said she was going to write me up because I went on suicide watch because it was going to make her job harder. I haven't been in any trouble since January.

> I'll plead guilty to a 360 disruptive. This is a situation where everyone was stressed out. I did not kick or bang my door.

Dkt. 8-3.

Based on staff reports and Ms. Dooley's statement the hearing officer found Ms. Dooley guilty of disorderly conduct. The sanctions imposed included the imposition of a suspended sanction from another disciplinary action (IWP 17-01-0101). Dkt. 8-4.

Ms. Dooley appealed to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. Dkts. 8-5 & 8-6. She then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Ms. Dooley's petition for a writ of habeas corpus presents three grounds for relief. First, she contends there was "no audio video in room," explaining that therefore there was no proof that she was throwing things or hitting the door. Dkt. 1, p. 2. Second, Ms. Dooley contends that she was "never told to stop talking." *Id.* Third, Ms. Dooley contends that the reason the officer wrote the conduct report was that she was upset at Ms. Dooley for asking to be placed on suicide watch. Dkt. 1, p.3. Respondent Warden interprets these three grounds as challenging the sufficiency of the evidence, an interpretation that Ms. Dooley does not dispute in her reply. The Court agrees that all three of Ms. Dooley's assertions concern the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by

the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Ms. Dooley's sufficiency of the evidence arguments focus on there being no evidence, either through video or audio recordings, or through witness statements, that she was being disorderly in her cell. But the officer's report is some evidence of that fact, and this Court does not reweigh evidence against Ms. Dooley's arguments concerning a lack of *other* evidence. This Court is restricted to assessing whether there was "some evidence" to support the hearing officer's decision. In this case there was – the conduct report. The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999).

Because there was some evidence in this report to support the disciplinary conviction, Ms. Dooley's petition for a writ of habeas corpus is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Dooley to the relief she seeks. Accordingly, Dorris Dooley's petition for a writ of habeas corpus is denied. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/8/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dorris L.Y. Dooley
259567
Indiana Women's Prison
2596 Girls School Road
Indianapolis, IN 46214

Electronically Registered Counsel